```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                 FILED
         UNITED STATES DISTRICT COURT
                   FOR THE                                2025 DEC 10 AM 9:18
           DISTRICT OF VERMONT
                                                                CLERK
                                                          BY_____
                                                            DEPUTY CLERK
```

| | |
|---|---|
| Tennyson Agostinho Brito, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-730 |
| ) | |
| Director, United States Citizenship and ) | |
| Immigration Services, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The court, upon review of this matter, hereby VACATES its Order dated December 3, 2025 (Doc. 6), and the Judgment dated December 4, 2025 (Doc. 7), as entered in error. The case is thus REINSTATED. On September 17, 2025, Plaintiff's Application to proceed *in forma pauperis* ("IFP") was denied without prejudice because it did not demonstrate poverty. (Doc. 4.) Plaintiff was provided the opportunity to either pay the case filing fee or refile the application with an affidavit demonstrating the inability to pay the filing fee on or before October 17, 2025. However, at the time of moving for IFP status, Plaintiff also paid the civil case filing. His Complaint should have been filed at that time. On September 30, 2025, Plaintiff's Complaint was entered as filed on September 2, 2025. (Doc. 5.) Accordingly, the December 3, 2025 Order of Dismissal was entered in error.

When a plaintiff pays the filing fee, he or she "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

To serve a United States officer or employee sued only in an official capacity, Federal Rule of Civil Procedure 4(i) requires that "a party must serve the United States and also send a copy of the

summons and of the complaint by registered or certified mail to the . . . officer[] or employee." *Id.* 4(i)(2). To serve the United States, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* 4(i)(1).

Rule 4(l)(1) requires proof of service of the summons be made to the court. In this case, although the Complaint was entered as filed on September 30, 2025, and summonses were issued on September 10, 2025, no proof of service has been filed with the court. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Plaintiff is hereby ORDERED to serve process (the summons and Complaint) on Defendant and the United States on or before February 9, 2026. Plaintiff shall file proof of timely service on Defendant and the United States with the court, on or before February 23, 2026. If Plaintiff should fail to respond, the case must be dismissed under Rule 4(m).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of December, 2025.

                                                /s/ Geoffrey W. Crawford
                                                District Judge
                                                United States District Court